NO. 07-05-0343-CV





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 8, 2005



______________________________


 

KERWIN GIBBS, APPELLANT



V.



ALLSUP'S CONVENIENCE STORES, INC. AND


FEDERATED MUTUAL INSURANCE COMPANY, FEDERATED


INSURANCE AN ASSUMED NAME OF FEDERATED MUTUAL


INSURANCE COMPANY AND/OR FEDERATED SERVICES


INSURANCE COMPANY AND DAWN WILLEFORD, APPELLEES


_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2005-597,010; HONORABLE PAULA LANEHART, JUDGE


_______________________________




Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

MEMORANDUM OPINION


 By letter dated October 24, 2005, this Court directed appellant Kerwin Gibbs to pay
the required filing fee of $125 by November 3, 2005, before any further action could be
taken in this appeal, noting that failure to do so might result in dismissal. Unless a party
is excused from paying a filing fee, the Clerk of this Court is required to collect filing fees
set by statute or the Supreme Court when an item is presented for filing. See Tex. R. App.
P. 5 and 12.1(b). Although the filing of a notice of appeal invokes this Court's jurisdiction,
if a party fails to follow the prescribed rules of appellate procedure, the appeal may be
dismissed. Tex. R. App. P. 25.1(b). Thus, because the filing fee of $125 remains unpaid,
we must dismiss the appeal.

 Accordingly, the appeal is dismissed for failure to comply with the Texas Rules of
Appellate Procedure and with a notice from the Clerk requiring payment of the filing fee
within ten days. Tex. R. App. P. 42.3(c).


 Mackey K. Hancock

 Justice






onstrated other grounds for continuing the appeals, on or before October 22, 2007. 
Appellant has corresponded with the Court, but her correspondence does not provide
information permitting us to conclude we have jurisdiction over the appeals. 

 In a criminal case, the Texas Rules of Appellate Procedure require that notice of
appeal be filed within 30 days after the day sentence is imposed or suspended in open
court, or after the day the trial court enters an appealable order; or within 90 days after the
day sentence is imposed or suspended in open court if the defendant timely files a motion
for new trial. Tex. R. App. P. 26.2. As noted, appellant's notices of appeal from the
judgments and sentences imposed in August 2006 were filed in April 2007. (1)

 Only a timely notice of appeal invokes the jurisdiction of the court of appeals. State
v. Riewe, 13 S.W.3d 408, 411 (Tex.Crim.App. 2000); Slaton v. State, 981 S.W.2d 208,
209-10 (Tex.Crim.App. 1998). If an appeal is not timely perfected, a court of appeals does
not have jurisdiction to address the merits of the appeal, and can take no action other than
to dismiss the appeal. Olivio v. State, 918 S.W.2d 519 (Tex.Crim.App. 1999); Slaton, 981
S.W.2d at 210; Stumpf v. State, 2001 WL 1566655 (Tex.App.-Amarillo 2001, no pet.) (not
designated for publication).

 Further, the rules we must follow require us to dismiss an appeal in a criminal case
in the absence of certification showing the appellant has the right of appeal. Tex. R. App.
P. 25.2(d).

 Because appellant did not file a timely notice of appeal, we lack jurisdiction to
consider her appeals. Accordingly, they are dismissed for want of jurisdiction.


 James T. Campbell

 Justice





Do not publish.


 
1. Correspondence provided by appellant makes reference to an out-of-time appeal. 
Permission for such a late appeal must be granted by the Court of Criminal Appeals. Tex.
Code Crim. Proc. art. 11.07 (Vernon 2007).